T.C. Memo. 2016-178

UNITED STATES TAX COURT

VICTOR LESENDE AND SARA J. LESENDE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9533-14.                    Filed September 26, 2016.

Victor Lesende and Sara J. Lesende, pro sese.

<u>Robert Francis Saal</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

CHIECHI, <u>Judge</u>:  This case arises from a petition filed in response to a so-called full disallowance--final determination (respondent's determination) not to abate interest with respect to petitioners' taxable years 2009 and 2010.

**[*2]** We must decide whether respondent abused respondent's discretion in determining in respondent's determination not to abate under section 6404(e)[1] interest with respect to petitioners' taxable years 2009 and 2010. We hold that respondent did not.

## FINDINGS OF FACT

Most of the facts have been stipulated and are so found.

Petitioners resided in New Jersey at the time they filed the petition.

Respondent commenced an examination of petitioners' taxable years 2009 and 2010. Below is a chronology of the events that occurred during and after the examination of those taxable years:

| Date | Event |
| --- | --- |
| 11/3/11 | Audit appointment letter sent to petitioners to schedule an appointment on 11/29/11 at respondent's office in Newark, N.J. (respondent's Newark office) |
| 11/10/11 | Audit appointment letter received by petitioners (approximate) |
| 11/28/11 | Petitioner Sara J. Lesende (Ms. Lesende) spoke with an examiner from respondent's Newark office (Newark examiner) |

---

[1]All section references are to the Internal Revenue Code in effect at all relevant times.

| | | |
|---|---|---|
| **[*3]** 11/29/11 | Manager from respondent's Newark office (Newark manager) canceled 11/29/11 appointment and transferred petitioners' case to respondent's office in Mountainside, N.J. (respondent's Mountainside office) |
| 11/29/11 | 30-day letter sent to petitioners |
| 12/5/11 | Petitioners' case file received by respondent's Mountainside office |
| 12/13/11 | Audit appointment letter sent to petitioners to schedule an appointment for 1/11/12 at respondent's Mountainside office |
| 1/11/12 | Meeting held between Ms. Lesende and an examiner from respondent's Mountainside office (Mountainside examiner) |
| 1/17/12 | Mountainside examiner spoke with Ms. Lesende to request additional information |
| 1/18/12 | Additional information received by Mountainside examiner |
| 1/19/12 | Revised 30-day letter sent to petitioners |
| 1/23/12 | Ms. Lesende spoke with a manager from respondent's Mountainside office (Mountainside manager) |
| 2/6/12 | Revised 30-day letter sent to petitioners |
| 2/16/12 | Petitioners' attorney spoke with Mountainside examiner to request more time to prepare a letter contesting the 30-day letter. Mountainside examiner granted an extension to 2/29/12 |
| 2/21/12 | Mountainside examiner spoke with petitioners' attorney to discuss case |

[*4] 2/27/12     Mountainside manager called petitioners' attorney and left message

2/28/12     Petitioners' attorney spoke with Mountainside examiner and Mountainside manager to request that a notice of deficiency be issued

2/29/12     Mountainside examiner closed case in preparation for issuance of notice of deficiency

4/17/12     Notice of deficiency issued to petitioners

6/18/12     Tax Court petition filed

9/4/12     Internal Revenue Service (IRS) Appeals Office (Appeals Office) letter sent to petitioners acknowledging receipt of petitioners' case file

10/17/12     Appeals Office letter sent to petitioners to schedule an appointment for 1/23/13

10/26/12     Hurricane Sandy hit East Coast and caused massive disruption

1/22/13     Appeals officer assigned to petitioners' case (Appeals officer) canceled 1/23/13 appointment because of serious illness

3/19/13     Petitioners' attorney met with Appeals officer and resolved case

4/10/13     Decision entered in Tax Court pursuant to the agreement of the parties

5/20/13     Respondent assessed petitioners' tax and interest with respect to their taxable years 2009 and 2010

| [*5] 6/17/13 | Petitioners' letter sent to IRS Cincinnati Service Center to submit a claim for abatement of interest |
| --- | --- |
| 8/8/13 | Appeals Office letter sent to petitioners acknowledging receipt of petitioners' claim for abatement of interest |
| 9/9/13 | Telephone conference held between petitioners and Appeals Office |
| 11/12/13 | Appeals Office letter sent to petitioners indicating intent to deny petitioners' claim for abatement of interest |
| 1/9/14 | Respondent's determination issued to petitioners denying petitioners' claim for abatement of interest |

We briefly highlight certain events shown above. On April 17, 2012, respondent issued a notice of deficiency (notice) to petitioners with respect to their taxable years 2009 and 2010. Petitioners filed a petition with the Court with respect to that notice and commenced the case at docket No. 15581-12S. (We shall refer to the case at docket No. 15581-12S as petitioners' deficiency case.)

On October 17, 2012, the Appeals Office sent a letter to petitioners in which that office scheduled an appointment for January 23, 2013, to discuss petitioners' deficiency case (January 23, 2013 appointment). On January 22, 2013, the Appeals officer canceled the January 23, 2013 appointment because the Appeals officer was seriously ill. At a time not established by the record, the January 23,

**[\*6]** 2013 appointment was rescheduled to March 19, 2013. On March 19, 2013, petitioners' attorney met with the Appeals officer, and they reached a resolution of petitioners' deficiency case.

Pursuant to the agreement of the parties, on April 10, 2013, the Court entered a decision with respect to petitioners' deficiency case. That decision provided:

> Pursuant to the agreement of the parties in this case, it is
>
> ORDERED AND DECIDED: That there are deficiencies in income tax due from petitioners for the taxable years 2009 and 2010 in the amounts of $7,951.00 and $10,542.00, respectively;
>
> That there are no additions to tax due from petitioners for the taxable years 2009 and 2010, under the provisions of I.R.C. § 6651(a)(1); and
>
> That there are no penalties due from petitioners for the taxable years 2009 and 2010, under the provisions of I.R.C. § 6662(a).

The following agreements between petitioners and respondent appeared below the signature of the Judge who had presided over petitioners' deficiency case:

> It is hereby stipulated that the Court may enter the foregoing decision in this case.
>
> It is further stipulated that interest will accrue and be assessed as provided by law on the deficiencies due from petitioners.

**[\*7]**         It is further stipulated that, effective upon the entry of this decision by the Court, petitioners waive the restrictions contained in I.R.C. § 6213(a) prohibiting assessment and collection of the deficiencies (plus statutory interest) until the decision of the Tax Court becomes final.

On May 20, 2013, respondent assessed petitioners' tax as well as interest as provided by law thereon with respect to their taxable years 2009 and 2010 (respondent's assessment).

Sometime after respondent's assessment, petitioners submitted to the Appeals Office a claim for abatement of interest assessed with respect to petitioners' taxable years 2009 and 2010.  On January 9, 2014, the Appeals Office determined in respondent's determination to disallow petitioners' claim for abatement of interest.

OPINION

Section 6404(e) permits the Commissioner of Internal Revenue (Commissioner) to abate interest with respect to an unreasonable error or delay by an officer or employee of the Commissioner resulting from a ministerial act or a managerial act.  We review the Commissioner's failure to abate interest under section 6404(e) for abuse of discretion.  See sec. 6404(h); see also Lee v. Commissioner, 113 T.C. 145, 149 (1999).  Petitioners have the burden of establishing that respondent abused respondent's discretion in determining in

[*8] respondent's determination not to abate under section 6404(e) any interest with respect to their taxable years 2009 and 2010. See, e.g., Ibrahim v. Commissioner, T.C. Memo. 2011-215, 2011 WL 3849557, at *2.

It is petitioners' position that respondent abused respondent's discretion by failing to abate any interest assessed with respect to petitioners' taxable years 2009 and 2010. In support of their position, petitioners argue that the transfer of petitioners' case from respondent's Newark office to respondent's Mountainside office delayed their case by approximately a month. Petitioners do not explain why the transfer of their case from respondent's Newark office to respondent's Mountainside office gave rise to an unreasonable error or delay by an officer or employee of respondent resulting from a ministerial act or a managerial act within the meaning of section 6404(e).

Petitioners also argue that they suffered an error or delay because the Newark examiner, the Newark manager, and the Mountainside examiner each gave petitioners "a hard time". Petitioners do not explain why any actions taken by the Newark examiner, the Newark manager, or the Mountainside examiner gave rise to an unreasonable error or delay by an officer or employee of respondent resulting from a ministerial act or a managerial act within the meaning of section 6404(e).

**[\*9]**  Petitioners further argue that they suffered an error or delay because the Mountainside manager failed to discipline the Mountainside examiner for giving petitioners "a hard time".  Petitioners do not explain why the Mountainside manager's failure to discipline the Mountainside examiner gave rise to an unreasonable error or delay by an officer or employee of respondent resulting from a ministerial act or a managerial act within the meaning of section 6404(e).

Petitioners also argue that they suffered an error or delay because the Mountainside examiner lost a document that Ms. Lesende had provided to the examiner at their meeting on January 11, 2012, that examiner had to request another copy of that document the day after that meeting, and Ms. Lesende had to provide another copy of that document to the examiner.  Petitioners do not explain why the Mountainside examiner's loss of a document that Ms. Lesende had provided to the examiner at their meeting on January 11, 2012, and his request the next day for another copy of that lost document, which Ms. Lesende provided to him again, gave rise to an unreasonable error or delay by an officer or employee of respondent resulting from a ministerial act or a managerial act within the meaning of section 6404(e).

Petitioners further argue that they suffered an error or delay because after the Appeals officer canceled the January 23, 2013 appointment as a result of his

[*10] serious illness, petitioners' deficiency case was not reassigned to another Appeals officer, which caused petitioners to wait until March 19, 2013, to meet with the Appeals officer. Petitioners do not explain why the failure to reassign petitioners' deficiency case to another Appeals officer gave rise to an unreasonable error or delay by an officer or employee of respondent resulting from a ministerial act or a managerial act within the meaning of section 6404(e).

For purposes of section 6404(e), section 301.6404-2(b), Proced. & Admin. Regs., defines the terms "managerial act" and "ministerial act" in pertinent part as follows:

> (b) Definitions.--(1) Managerial act.--means an administrative act that occurs during the processing of a taxpayer's case involving the temporary or permanent loss of records or the exercise of judgment or discretion relating to management of personnel. * * *
>
> (2) Ministerial act.--means a procedural or mechanical act that does not involve the exercise of judgment or discretion, and that occurs during the processing of a taxpayer's case after all prerequisites to the act, such as conferences and review by supervisors, have taken place. * * *

On the record before us, we find that petitioners have failed to carry their burden of establishing any unreasonable error or delay attributable to an officer or employee of respondent's performing a ministerial act or a managerial act within the meaning of section 6404(e) that requires an abatement under section 6404(e)

**[*11]** of interest with respect to their taxable years 2009 and 2010. On that record, we further find that respondent did not abuse respondent's discretion in determining in respondent's determination not to abate under section 6404(e) any interest with respect to those taxable years.

We have considered all of the contentions and arguments of the parties that are not discussed herein, and we find them to be without merit, irrelevant, and/or moot.

To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.